UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ESTATE OF KASSIUS EMMANUEL MAJOR LOFTON,<br><br>Plaintiff(s),<br><br>v.<br><br>BOARD OF HOSPITAL MANAGERS FOR THE CITY OF FLINT, et al.,<br><br>Defendant(s). | Case No. 25-cv-12730<br><br>Honorable Robert J. White |

**STIPULATED ORDER REGARDING ENTRY OF A PROTECTIVE ORDER COVERING CONFIDENTIAL MATERIALS**

Plaintiff, Estate of Kassius Emmanuel Major Lofton, by its personal representative, Kaizhay Major Lofton and Defendants, Board of Hospital Managers for the City of Flint (d/b/a Hurley Medical Center), Mikayla Reah, Kelli Fox, Denelle Henry, Rachelle Moore, Christa Coburn, and Paula Walko, by their respective counsel, stipulate as follows:

1. Discovery in this action is expected to involve the production of documents, electronically stored information, testimony, photographs, recordings, medical records, personnel records, confidential business information, and other materials containing confidential or protected information;

2. Certain discovery materials may contain information protected by federal law, Michigan law, common-law privacy interests, contractual obligations, or other

recognized privileges or confidentiality interests;

3. Entry of this Protective Order is necessary to facilitate the efficient exchange of discovery while protecting confidential discovery materials from unnecessary disclosure, and

4. The Court may enter the attached Protective Order Governing Confidential Discovery Materials.

This matter having come before the Court on the parties' Stipulation and Order Regarding Entry of a Protective Order Covering Confidential Materials, and the Court being fully advised in the premises, the Court enters this Protective Order

directed to confidential documents and information produced in response to discovery requests, subpoenas, or other lawful process issued in the above-captioned litigation.

One or more issues before the Court may require the production of documents and information containing confidential, proprietary, personal, medical, employment, financial, commercial, or other protected information for which protection from unrestricted disclosure is appropriate.

This Protective Order applies to documents and information designated as "CONFIDENTIAL" and produced by any party or non-party in this litigation.

1. This Protective Order shall also apply to documents and information produced by any party or non-party pursuant to any valid subpoena, discovery request, or other lawful process in this case.

2. When used in this Order, the word "documents" means all documents, electronically stored information, deposition testimony, exhibits, photographs, recordings, and tangible things produced by the parties or non-parties pursuant to the terms of this Order.

3. All documents designated "CONFIDENTIAL" shall be used by the receiving party solely for the prosecution, defense, or settlement of this matter and shall not be used in any other litigation or any other judicial, administrative, business, commercial, or personal proceeding or purpose.

4. No document designated "CONFIDENTIAL" may be made public or otherwise disclosed by the receiving party to any persons other than:

a. The Court and Court personnel;

b. Counsel of record for the parties;

c. Partners, associates, contract attorneys, paralegals, legal assistants, law clerks, secretaries, litigation support personnel, and other employees of counsel of record assisting counsel in the prosecution or defense of this matter;

d. The parties;

e. Lay witnesses;

f. Expert witnesses, consulting experts, and employees or staff working under the direction of such experts whose duties require access to Confidential Material;

g. Certified court reporters, videographers, interpreters, and transcription personnel;

h. Professional litigation support vendors, including electronic discovery vendors, copy services, scanning services, document management providers, trial consultants, and trial presentation vendors whose services are reasonably necessary to this litigation; and

i. Mediators, settlement facilitators, or special masters retained or appointed in connection with this matter.

5. Any party or non-party producing documents or information under this Order may designate the same as "CONFIDENTIAL" by placing, or causing to be placed, the legend "CONFIDENTIAL" on each page of the document so designated, or, for electronically stored information produced in native format, in the file name, a cover email or letter accompanying the production, or comparable means reasonably calculated to give notice of the designation. Testimony taken at a deposition, hearing, or other proceeding may be designated as "CONFIDENTIAL" by stating on the record that the testimony is confidential, or by written notice to all parties within thirty (30) days after receipt of the transcript identifying the specific pages and lines that are designated "CONFIDENTIAL," in which event the entire transcript shall be treated as "CONFIDENTIAL" until expiration of that thirty (30) day period.

6. To the extent this Order governs the disclosure of protected health information as defined by the Health Insurance Portability and Accountability Act of 1996 and its implementing regulations, 45 C.F.R. Parts 160 and 164 ("HIPAA"), this Order is intended to, and shall, constitute a "qualified protective order" within the meaning of 45 C.F.R. §164.512(e)(1)(v). The parties and any covered entity or business associate producing protected health information in this litigation are prohibited

from using or disclosing such protected health information for any purpose other than this litigation, and all protected health information and all copies thereof shall be returned to the covered entity or destroyed, including all copies made, at the conclusion of this litigation as provided in Paragraph 16 below.

7. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of any document or information subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection shall not, by itself, constitute a waiver of the privilege or protection, either in this litigation or in any other federal or state proceeding. A party that inadvertently produces privileged or protected material may, upon discovery of the inadvertent production, notify the receiving party in writing, and the receiving party shall promptly return, sequester, or destroy the specified material and any copies, and shall not use or disclose the material until the claim of privilege or protection is resolved.

8. A party may challenge the propriety of the designation of specific material as "CONFIDENTIAL" by serving a written objection upon the Designating Party, specifying the particular document(s) about which the objection is made and the grounds for the objection. The written notice shall specifically identify the information to which the objection is made.

If the parties cannot resolve the objection, it shall be the obligation of the party challenging the designation to file an appropriate motion requesting that the Court determine whether the disputed information should remain subject to the terms of this Protective Order. If such a motion is filed, the disputed information shall continue to be treated as "CONFIDENTIAL" until the Court rules on the motion. If the objecting party fails to file such a motion, the disputed information shall retain its designation as "CONFIDENTIAL" absent further order of the Court.

9. Documents subject to this Order, and any information contained therein, do not lose their protected status if used in any alternative dispute resolution proceeding in this matter. However, the parties shall take all steps reasonably necessary to protect the confidentiality of the documents and/or information during such use.

10. This Stipulation and Protective Order is intended solely to protect the confidentiality of information produced in this litigation and nothing contained in this Protective Order shall be deemed a waiver of the right of any party to object to any request for discovery, to assert any privilege or protection, or to seek additional protection from the Court. Nothing contained herein shall be construed as a determination that any document or information is discoverable, admissible, or entitled to confidential

treatment.

11. Subject to the rules of evidence, confidential documents and/or the contents thereof may be offered in evidence at trial, subject to any applicable Scheduling Order or Final Pretrial Order. Any party may move the Court for an order that confidential documents or information be examined only in camera or under other conditions that prevent unnecessary disclosure. On examination, the Court may determine what protection, if any, will be afforded the material at trial or hearing. However, this Protective Order does not authorize the filing of any document under seal. A party seeking to file any document under seal in this action shall comply with the requirements of Eastern District of Michigan Local Rule 5.3.

12. This Protective Order, insofar as it restricts the disclosure and use of a document, continues to be binding throughout and until the conclusion of this case, including all appeals. No person, including a party's counsel or any expert witness retained by a party or counsel, may retain a copy of documents designated "CONFIDENTIAL" after the litigation is complete except as provided in Paragraph 16 or otherwise required by law.

13. This Protective Order shall not apply to documents or information that are lawfully in the public domain or that become publicly available through

means not prohibited by this Protective Order.

14. The violation of any provision of this Protective Order may be deemed contempt of Court, and the Court may impose appropriate sanctions in the event of a violation of this Protective Order upon notice and hearing.

15. Nothing in this Protective Order shall preclude any party from moving this Court for modification, amendment, clarification, or termination of this Protective Order.

16. Within forty-five (45) days of the conclusion of the above-captioned case, including the time for any appeal, all documents or materials designated "CONFIDENTIAL," and all copies thereof, shall be collected by counsel and either destroyed, returned to the Producing Party, or retained by counsel as part of counsel's litigation file in accordance with counsel's file retention policy.

17. Any Confidential Material retained as part of counsel's litigation file shall remain subject to the terms of this Protective Order.

SO ORDERED.

Dated: August 14, 2026

s/Robert J. White
Robert J. White
United States District Judge

**STIPULATED TO:**

/s/ Michael J. Behm 8/10/2026

Michael J. Behm (P48435) Date
Christopher J. Keane (P46920)
Attorneys for Plaintiff

/s/ Audrey J. Forbush 8/10/2026

Audrey J. Forbush (P41744) Date
Regan Glenn (P88000)
Attorneys for Defendant
Board of Hospital Managers,
Flint, City of Doing business
as Hurley Medical Center and Paula Walko

/s/ Theodore A. Metry 7/29/2026

Theodore A. Metry (P47087) Date
Attorney for Defendant
Mikayla Reah

/s/ Michael D. Weaver 8/4/2026

Michael D. Weaver (P43985) Date
Attorney for Defendant
Kelli Fox

/s/ Michael W. Edmunds 7/30/2026

Michael W. Edmunds (P55748) Date
Attorney for Defendants
Denelle Henry and Rachelle Moore

/s/ Brandon Fraim 7/30/2026

Brandon Fraim (P76350) Date
Mitchell Albert (P87950)
Attorneys for Defendant
Christa Coburn

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF KASSIUS EMMANUEL MAJOR LOFTON, DECEASED
By its personal representative
Kaizhay Major Lofton,
Plaintiff,
v.
BOARD OF HOSPITAL MANAGERS FOR THE CITY OF FLINT, doing business as HURLEY MEDICAL CENTER, MIKAYLA REAH, KELLI FOX, DENELLE HENRY, RACHELLE MOORE, CHRISTA COBURN, TIARA WELLONS, DEON JOHNSON and PAULA WALKO, jointly and severally,
Defendants

No. 25-cv-12730-RJW-KGA
HON. ROBERT J. WHITE
MAG. KIMBERLY G. ALTMAN

**CONSENT AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

Michael J. Behm (P48435)
Behm and Behm
Attorney for Plaintiff
209 Schwartz Drive
Flint, MI 48503
(810) 234-2400
behmlaw@ameritech.net
behmandbehm@ameritech.net

Christopher J. Keane (P46920)
The Keane Law Firm, P.C.
Co-Counsel for Plaintiff
548 Market Street # 23851
San Francisco, CA 94104
(415) 742-5214
eservice@keanelaw.com

**CONSENT AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

STATE OF MICHIGAN )
)
COUNTY OF _______________)

__________________________, being first duly sworn, deposes and says:

I have read and understand the Protective Order Covering Confidential Material (the "Order") that the Judge has entered in this matter. Under penalty of contempt, I agree to be bound by the Order. I also agree that:

(1) I will make no further disclosure of any documents designated by the parties to be subject to the Order, or any information contained therein, and I will protect the confidentiality of all such documents.

(2) I will return all such documents and any copies to the attorney who gave them to me within fourteen (14) days after the final disposition of this matter.

(3) I consent to the personal jurisdiction of the U.S. District Court for the Eastern District of Michigan, for any and all purposes relating to the enforcement of the Order and this Consent Agreement.

_______________________________

Subscribed and sworn to before me on
this _______day of ___________, 2026

__________________________________

Notary Public